UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br><br>        Plaintiff,<br><br>   v.<br><br>T. LEMON, et al.,<br><br>        Defendants. | Case No. 21-cv-05230-YGR (PR)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

The parties to this closed prisoner civil rights action appeared before Magistrate Judge Robert M. Illman on April 13, 2023 for court-ordered settlement proceedings, and they then entered into a settlement agreement that led to a dismissal with prejudice on April 19, 2023. Dkt. 30, 32.

Pending before this Court is a document filed by plaintiff entitled "Notice [of] Motion [for] Breach of Settlement Agreement [and] Motion to Compel," which appears to be a motion to enforce a settlement agreement. Dkt. 34. Plaintiff requests that the Court "have [Magistrate Judge Illman] . . . enforce [the] settlement agreement and compel[] [Deputy] Attorney General John Fa[u]lconer to comply with [the] settlement agreement . . . ." *Id.* at 2.

The Court previously referred plaintiff's aforementioned motion to Magistrate Judge Robert M. Illman in order for him to file a report and recommendation or, if necessary, for further proceedings to determine whether further Court action is required to ensure compliance with the terms of the settlement agreement. Dkt. 36.

On September 19, 2023, Magistrate Judge Illman issued his report and recommendation in which he stated as follows:

> . . . the court does not have jurisdiction to enforce the settlement agreement in this case, and alternatively, Plaintiff has failed to allege a breach of the settlement agreement and the undersigned RECOMMENDS that Plaintiff's Motion be DENIED.

> Any party may file objections to this Report and Recommendation with the District Court within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order

Dkt. 37 at 4.

As mentioned above, Magistrate Judge Illman informed the parties that any objections to a report and recommendation must be filed within fourteen days of receipt thereof. *See id.* (citing 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b); Civil L.R. 72-3). The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Civ. L.R.72-3(a) (requiring that any objections be accompanied by a motion for de novo determination).

The deadline to file an objection to the report and recommendation has expired, and no objections have been filed in this case.[1] In the absence of a timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee notes (1983) (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if [an] objection is made, but not otherwise."). The Court has reviewed the record on its face and finds no clear error. Accordingly, IT IS HEREBY ORDERED THAT Magistrate Judge Illman's report and recommendation (Dkt. 37) is ACCEPTED and shall become the Order of this Court. Therefore, plaintiff's pending motion entitled "Notice [of] Motion [for] Breach of Settlement Agreement [and] Motion to Compel" is DENIED for lack of jurisdiction. Dkt. 34.

---

[1] The Court notes that plaintiff's copy of Magistrate Judge Illman's September 19, 2023 report and recommendation was returned as undeliverable on October 16, 2023 with a notation that plaintiff is "inactive." Dkt. 39. To date, plaintiff has not updated his address. However, the Court need not address this issue because it is adopting Magistrate Judge Illman's finding that plaintiff's motion should be denied for ***lack of jurisdiction***. Dkt. 37 at 2 ("[T]he court dismissed this case with prejudice and did not retain jurisdiction to enforce the settlement agreement. *See* Order Lifting Stay and Dismissing Action with Prejudice (dkt. 32).").

1    This Order terminates Docket Nos. 34 and 37.
2    IT IS SO ORDERED.
3    Dated:   November 8, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge